UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICARDO ENRIQUEZ SANCHEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-2688 |
| | § | |
| LORIE DAVIS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Plaintiff Ricardo Enriquez Sanchez is an inmate in the Texas Department of Criminal Justice ("TDCJ"). He filed a complaint under 42 U.S.C. § 1983 and the Americans With Disabilities Act ("ADA") alleging violations of his civil rights.

Sanchez's complaint named three defendants: Lorie Davis, the Director of the TDCJ's Correctional Institutions Division; Senior Warden Jones of the TDCJ's Huntsville Unit; and Corrections Officer Pittman of the Huntsville Unit. On January 9, 2017, this Court *sua sponte* dismissed Sanchez's claims against Davis and Jones under 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted. *See* Dkt. No. 21.

On February 17, 2017, Pittman filed a motion to dismiss the complaint under Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure. The Court concludes that Pittman's motion should be granted, and the case dismissed with prejudice.

### I. Background

Sanchez alleges that he was suffering from pain in his foot and heel from a condition that predated his admission to TDCJ. TDCJ medical staff provided him with some custom footwear, a steroid injection, and pain medication for his condition.

While at the Huntsville Unit, Sanchez was assigned to work in the textile factory. Defendant Pittman was his supervisor.

Sanchez alleges that he told Pittman of pain in his foot and heel, but that Pittman ordered him to climb a ladder to perform some tasks. Sanchez fell from the ladder, causing injuries.

## II.     Analysis

### A.     Standard of Review

In reviewing a motion to dismiss under rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986). The standard of review under rule 12(b)(6) has been summarized as follows: "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 601 (1969).

### B.     Deliberate Indifference

To rise to the level of a constitutional violation, prison officials must exhibit deliberate indifference to the prisoner's serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "Deliberate indifference" is more than mere negligence, *Gamble*, 429 U.S. at 104-06, but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. Rather, deliberate indifference requires that the defendant be subjectively aware of a substantial risk of serious harm to the inmate and recklessly disregard that risk. *Id.* at 829, 836.

Sanchez alleges that Pittman is a Corrections Officer; he does not allege that Pittman is a medical professional. While Sanchez alleges that he told Pittman that his foot hurt, Pittman

notes that Sanchez does not allege that he was ever medically unassigned from working in the textile factory, or from any other prison job. In fact, Sanchez specifically states that he requested a medical pass to excuse him from his job, but that medical staff denied the request. Complaint at 8.

In the absence of any medical conclusion that Sanchez was unfit to climb a ladder, Sanchez fails to plead facts showing that Pittman was subjectively aware that directing Sanchez to do so carried a substantial risk of causing serious harm. At most, Sanchez alleges that Pittman was negligent in telling him to climb the ladder after Sanchez complained of foot pain. This is insufficient to plead an Eighth Amendment claim.

### C. Americans With Disabilities Act

The ADA provides, in pertinent part, that

> no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C.A. § 12132. Sanchez does not allege that he is disabled within the meaning of the ADA, nor does he allege that he was "excluded from participation in or . . . denied the benefits of the services, programs, or activities of a public entity," or that he was discriminated against. He therefore fails to allege any violation of the ADA.

## III. Conclusion

For the foregoing reasons, Pittman's motion to dismiss is granted.

## IV. Order

Defendant James Pittman's motion to dismiss (Dkt. No. 39) is GRANTED. The complaint is dismissed with prejudice. All other pending motions are denied as moot.

SIGNED on this 14th day of September, 2017.

_____
Kenneth M. Hoyt
United States District Judge